Slip Op. 07-118

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                :
CHANGCHUN PILKINGTON SAFETY     :
GLASS CO., LTD., ET AL.,        :    Before:   Richard K. Eaton,
                                :                 Judge
            Plaintiffs,         :
                                :
            v.                  :    Consol. Court No. 02-00312
                                :
UNITED STATES,                  :
                                :
            Defendant,          :
                                :
            and                 :
                                :
PPG INDUSTRIES, INC., ET AL.,   :
                                :
            Deft.-Ints.         :
_____:
```

<u>JUDGMENT</u>

Before the court are the Final Results of Redetermination
Pursuant to Court Remand ("Fourth Remand Results") in *Fuyao Glass
Industry Group Co. v. United States*, Consol. Court No. 02-00282[1]
(Orders of Nov. 2, 2006 & Dec. 19, 2006) ("*Fuyao IV*"); the
comments of Shenzhen CSG Autoglass Co., Ltd. ("CSG"), the
successor company to plaintiff Benxun Automotive Glass Co., Ltd.
("Benxun"); the comments of plaintiffs Changchun Pilkington
Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd.
and Wuhan Yaohua Pilkington Safety Glass Co., Ltd. ("Pilkington
Plaintiffs"); and the United States' response to CSG's and the

---

[1]    On January 8, 2007, the court severed Court Nos. 02-
00282 and 02-00321 from the consolidated action, and designated
Court No. 03-00312 as the lead case, under which Court No. 02-319
and Court No. 02-00320 were consolidated.

Pilkington Plaintiffs' comments.

In *Fuyao IV*, the court remanded this matter to the United States Department of Commerce ("Commerce") for the purpose of devising a reasonable methodology to calculate an antidumping margin for the Pilkington Plaintiffs and Benxun, taking into consideration the zero margins assigned to Fuyao and Xinyi. *See* Order of 12/19/06.

On remand, Commerce identified the control numbers ("CONNUMs")[2] shared by the Pilkington Plaintiffs, Benxun, Fuyao and Xinyi, as reported in their questionnaire responses, and "impute[d] Fuyao's and Xinyi's CONNUM-specific margins to the matching CONNUMs of [the Pilkington Plaintiffs] and Benxun." Fourth Remand Results at 8. Commerce then weight-averaged those CONNUM-specific margins, which resulted in the *de minimis* antidumping margin of 1.47 percent for the Pilkington Plaintiffs and Benxun. Neither the Pilkington Plaintiffs nor CSG contest the Fourth Remand Results.

In light of the foregoing, and Commerce having duly complied with the court's directive in *Fuyao IV*, it is hereby

---

[2]     Commerce defined a CONNUM as a products's unique combination of physical characteristics. *See* Fourth Remand Results at 6.

ORDERED that the Fourth Remand Results are sustained.


                                          /s/ Richard K. Eaton
                                          Richard K. Eaton


Dated:    August 3, 2007
          New York, New York